# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CITY OF MILWAUKEE,

        Plaintiff,

v.

BIRD RIDES INC. and TRAVIS VANDERZANDEN,

        Defendants.

Case No. 18-CV-1066-JPS

**ORDER**

1.     **INTRODUCTION**

Defendant Bird Rides, Inc. ("Bird") offers electric motorized scooters to the public as a transportation service. The scooters are not dispensed from a storefront; rather, they are left on public sidewalks for anyone to use. Bird's business operates in many cities across the United States. On June 27, 2018, Bird launched its operations in Milwaukee, without notice or warning to city officials. Plaintiff City of Milwaukee (the "City") filed suit against Bird and its Chief Executive Officer, Travis VanderZanden ("VanderZanden"), on July 6, 2018. (Docket #1-1). The City alleges that Defendants' business violates Wisconsin law and constitutes a public nuisance. *Id.*

The City initially moved the Court for issuance of a preliminary injunction to force Defendants to remove the scooters from Milwaukee's streets. (Docket #4). The City subsequently asked to withdraw the motion, and the Court will grant that request. (Docket #14). VanderZanden filed a motion to dismiss the City's complaint against him for lack of personal jurisdiction and for failure to state any viable claims for relief. (Docket #6).

That motion is fully briefed and, for the reasons explained below, it will be granted on jurisdictional grounds.

2. **STANDARD OF REVIEW**

The defendant has moved to dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(2). Under FRCP 12(b)(2), a party may move to dismiss on the ground that the court lacks jurisdiction over him. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of establishing personal jurisdiction when the defendant contests it. *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). However, in cases such as this one, where the matter is decided on a motion to dismiss and without an evidentiary hearing, the plaintiff "'need only make out a *prima facie* case of personal jurisdiction.'" *Id.* (quoting *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)).

Unlike some other challenges to a plaintiff's complaint, when questions of personal jurisdiction arise, the court may consider affidavits and other evidence outside the pleadings. *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Indeed, the court can "accept as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff." *GCIU–Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009). Nevertheless, the court will "accept as true all well-pleaded facts alleged in the complaint and resolve any factual disputes in the affidavits in favor of the plaintiff." *Purdue*, 338 F.3d at 782; *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012).

3. **RELEVANT FACTS AND PROCEDURAL HISTORY**

Accepting the truth of the City's well-pleaded allegations and drawing all reasonable inferences in its favor, the relevant facts are as follows. Bird is a Delaware corporation and its principal place of business

is in San Diego. (Docket #1-1 at 3-4). VanderZanden also resides in San Diego and is Bird's CEO and CFO. *Id.* at 4. Bird rents small electric-powered scooters to the public. *Id.* at 4–5. On June 27, 2018, at the direction of VanderZanden, Bird opened its business in Milwaukee by depositing one hundred scooters around the city. *Id.* at 5.

The City filed its lawsuit in Milwaukee County Circuit Court on July 6, 2018. *Id.* at 3. It asserts two causes of action. The first is for "imposition of forfeiture for consenting to the operation of unregistered motor vehicles on a highway." *Id.* at 6. The City alleges that Bird's scooters must be registered as motor vehicles but have not been. *Id.* Wisconsin law provides for a $200-per-instance forfeiture if a person consents to the operation of an unregistered motor vehicle. *Id.*; Wis. Stat. § 341.04(1). Of course, Bird's business model is based on its consent to its customers' use of the scooters. The City further alleges that VanderZanden should be held personally liable for the forfeitures if Bird fails to pay "because the legal fiction of a corporation may not be used to shield its officers from responsibility for the corporate officers' law violations." (Docket #1-1 at 6).

The City's second cause of action is for public nuisance. It alleges that Bird was asked to cease its business operations in Milwaukee but refused to do so. *Id.* at 7. The City claims that Bird's business harms the public by obstructing sidewalks, creating noise, causing users to unknowingly violate the law by using the scooters, and by failing to ensure that users have a valid driver's license. *Id.* Bird directly profits from these alleged harms. *Id.*

Defendants removed this action to this Court on July 12, 2018. (Docket #1). Defendants assert that the Court has diversity jurisdiction over this action, as the Plaintiff is a Wisconsin municipal corporation and neither

of the Defendants are from this state. *Id.*; 28 U.S.C. § 1332(a)(1). Further, the contemplated forfeitures already well exceed one million dollars, easily meeting the amount in controversy requirement. (Docket #1); 28 U.S.C. § 1332(a).

As explained above, this matter now comes before the Court on VanderZanden's motion to dismiss.

4. ANALYSIS

Personal jurisdiction refers to a court's power over parties, in contrast to its subject-matter jurisdiction, which is its power over certain types of claims. When, as here, the Court exercises diversity jurisdiction over a case, the Court will exercise personal jurisdiction over a nonresident defendant only if a court of the state in which it sits would do so. *Purdue*, 338 F.3d at 779. This normally entails a two-part analysis, where the court first asks whether the state's long-arm statute encompasses the defendant's conduct, then considers whether exercising personal jurisdiction in the case at hand would comport with principles of due process. *Id.* However, because the Court finds that constitutional considerations alone compel dismissal of this case, it declines to address the statutory question.

The Due Process Clause of the Fourteenth Amendment protects a defendant from being haled into court in a state where he has no meaningful connections. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 464 (1985). Due process requires that for personal jurisdiction to exist over a nonconsenting, out-of-state defendant, the defendant must have "certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

There are two types of personal jurisdiction—general and specific—that can satisfy the strictures of due process. *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414–16 (1984). General personal jurisdiction requires that the defendant have "'affiliations with the State [that] are so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). If such contacts exist, "the court may exercise personal jurisdiction over the defendant even in cases that do not arise out of and are not related to the defendant's forum contacts." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). By declining to argue that general personal jurisdiction exists, *see generally* (Docket #16), Plaintiff has waived the point.

Specific personal jurisdiction, by contrast, exists where the suit before the Court arises from or relates to the defendant's contacts with the forum State. *Helicopteros*, 466 U.S. at 414; *Int'l Shoe*, 326 U.S. at 317–18. This type of personal jurisdiction is more limited than general personal jurisdiction, which, if established, means that the defendant can be sued on any claim in the forum State. *See Daimler*, 134 S Ct. at 754. Specific personal jurisdiction arises only where the defendant's contacts with the forum state "directly relate to the challenged conduct or transaction." *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010). In assessing the existence of specific personal jurisdiction, the Court must examine the "relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977).

For specific personal jurisdiction to exist, there must be "some act by which the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and

protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *Burger King*, 471 U.S. at 474–75. The defendant must have sufficient contacts with the forum, related to the suit at bar, that it "should reasonably anticipate being haled into court [in the forum State]" on that suit. *Burger King*, 471 U.S. at 474.

VanderZanden's primary contacts with Wisconsin have absolutely nothing to do with this case. He was born in this state and lived here until 2002. (Docket #7-1). He owns a home here but has visited only once, and he visits his family here once per year. *Id.* He has never been to Wisconsin or conducted any business here in his capacity as CEO of Bird. *Id.* Though he generally directs Bird's operations, he has never directly managed Bird's business in Wisconsin. *Id.* These facts suggest that the Court should not exercise specific personal jurisdiction over VanderZanden.

The City initially attempts to counter these assertions by relying on its allegation, stated upon information and belief, that VanderZanden personally directed Bird to deposit its scooters in Milwaukee. (Docket #16 at 8). But there are two problems with this claim. First, even if this were true, VanderZanden's conduct would be as an officer of Bird, not in his personal capacity. Second, and more importantly, VanderZanden's testimony directly contradicts the City's assertion. *Id.* Rather than supply any evidence to support its allegation, the City shifts its focus, stating that

> [t]he VanderZanden[] affidavit indicates there are already a *few* contacts that the defendant has with the State of Wisconsin: 1) he was born in Wisconsin; 2) within the last two years he has either purchased or received title to a home in Wisconsin; and 3) he returns to Wisconsin once a year to visit family. It would not be unreasonable and unfair for VanderZanden to answer to unlawful conduct in this state.

*Id.* This argument sounds in general, not specific, personal jurisdiction. Again, the cited contacts have nothing to do with Bird's business or the facts of this case. Thus, it would indeed be unfair for VanderZanden to answer for the allegations of this lawsuit in this Court.

As noted above, when a defendant contests personal jurisdiction and supplies evidence in support of his position, the plaintiff bears the burden to "go beyond the pleadings and submit affirmative evidence" which makes a *prima facie* case for personal jurisdiction. *Purdue*, 338 F.3d at 782–83. The City asks that the Court allow it to conduct jurisdictional discovery to obtain that evidence. (Docket #16 at 8). The plaintiff is not entitled to such discovery, however, until it offers evidence which presents a colorable or *prima facie* showing of personal jurisdiction. *GCIU-Employer*, 565 F.3d at 1026; *Ellis v. Fortune Seas, Ltd.*, 175 F.R.D. 308, 312 (S.D. Ind. 1997) ("Where a plaintiff wants to subject a distant defendant to discovery in order to determine whether sufficient contacts support jurisdiction, it is reasonable for a court exercising its power under Rule 26(b)(2) to expect the plaintiff to show a colorable basis for jurisdiction before subjecting the defendant to intrusive and burdensome discovery in that distant forum."). The City has failed to offer any evidence whatsoever, much less evidence that establishes a colorable claim, of specific personal jurisdiction. The City's request for discovery will be denied.

5. **CONCLUSION**

VanderZanden lacks sufficient case-related contacts with Wisconsin for his presence in this case to comport with due process. The Court must, therefore, grant his motion to dismiss and dismiss him from this action for want of personal jurisdiction.

Accordingly,

**IT IS ORDERED** that Defendant Travis VanderZanden's motion to dismiss (Docket #6) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Travis VanderZanden be and the same is hereby **DISMISSED** from this action; and

**IT IS FURTHER ORDERED** that Plaintiff's motion to withdraw its motion for a temporary injunction (Docket #14) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 2nd day of November, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge